Per Curiam.

So cautiously does the law watch over all contracts, that it will not permit any to be binding but such as are made by persons perfectly free, and at full liberty to make or refuse such contracts, and that not only with respect to their persons, but in regard to their goods and chattels also. Contracts to be binding must not be made under any restraint -or fear of their persons, otherwise they are void, as in the case of Evans v. Huey and Franklin, vol. 1. p. 13. (Riley’s edit.) where a note was deemed void, both as to principal and his security, where a party of armed men, in quest of horse thieves, called at a man’s house in the night, and Evans, one of the party, demanded of the man of the house, a settlement or satisfaction for an injury he had sustained some time before, in a quarrel; and the defendant Huey, in order to compromise the matter, gave his note for 281. sterling, and the next morning got Franklin his neighbour to be his security. In that case, it toas deemed duress; because, an armed party going to his house in the night time, and one of them demanding a settlement for a former in *214 jury, vvas calculated to" alarm a man’s fears, although hei threats were made use of. This to be sure was only a case- But it has been a leading case on th® subject, and admitted as the law of duress, ever siilce. See also, 2 Powell on Contracts, 159. So in like manner, duress of goods will avoid a contract, where an unjust and unreasonable advantage is taken of a man’s necessities, by getting his goods into his possession, and there is no other speedy means left, of getting them back again, but by giving a note or a bond, or where a man’s necessities may be so great as not to admit of the ordinary process of law, to afford him relief, as was determined in this court after solemn argument, in the case of Sasportas v. Jennings and Woodrop, vol. 1. p. 470. (Riley’s edit.) also in the case of Ashley v. Reynolds, 2 Str. 916. In the case under consideration, the facts are admitted by the demurrer that the negroes were seized by the plaintiff under and by virtue of this attach-* ment, and that this bond was given to procure their release, at a time when the defendant could not wait the slow progress of law, to obtain redress. It is very clear, therefore, that the plea of duress, was a good plea; and the whole of the circumstances ought to have gone to the jury. Judgment was therefore given for defendant in demurrer, and a respondeat ouster awarded.
Present, Burse, Waties and Bay»